Filed 3/16/21  P. v. Rodriguez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C084385 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE001413) |
| v. | |
| VICENTE RODRIGUEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Vicente Rodriguez asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the record and the parties' supplemental briefs, we will remand to allow the trial court to exercise its discretion under Senate Bill Nos. 620 and 1393.  In all other respects, we will affirm.

1

# BACKGROUND

## The underlying offenses

Defendant shot at two people, the victim and the victim's friend, in front of the victim's mother's house.

Approximately two weeks before the shooting, the victim had been carjacked by five or six people. He reported his car stolen and subsequently considered himself a snitch and felt he had to watch his back.

The day of the shooting, defendant came to the victim's mother's house. The victim was not home, so defendant left a telephone number with the victim's brother. Though the victim had never met defendant, he called him, and they agreed to meet at a market. The victim left for the market with his friend.

At the market, defendant approached the victim's car and told the victim he had three days to give him money and guns or he would kill his family. He called the victim a bitch and asked why he had not recovered his car from the carjackers. Defendant also showed the victim a video of defendant beating a man. The video was later shown to the jury.

As the victim drove away, defendant yelled, "I'm going to go right now and kill your family." The victim drove to a nearby friend's house and got a gun.

Ten to 15 minutes later, the victim drove up to his mother's house, with his friend in the passenger seat. As he was pulling over, he saw defendant drive up. Defendant exited his car and opened fire.

A bullet hit the windshield and passed by the victim's face. Defendant also shot into the tailgate. As the first bullet went through the windshield, the victim drew his gun and shot several times. The victim then drove off. A surveillance system captured some of the shooting.

After the shooting, defendant sent the victim threatening text messages. They included: "I'm by your mom now. And when one of the people come out I'm killing them straight up," and, "Somebody going to be muerto [(dead)] tonight[ ]."

**Jury verdict and sentencing**

As to the victim, a jury found defendant guilty of attempted murder (Pen. Code, §§ 664/187, subd. (a); count one),[1] and found he had committed the crime with premeditation and deliberation, he had personally discharged a handgun (§ 12022.53, subd. (c)), and he had personally used a gun (§§ 12022.53, subd. (b), 12022.5, subd. (a)). The jury found defendant guilty of assault with a firearm (§ 245, subd. (a)(2); count two) and found he had personally used a firearm in its commission (§ 12022.5, subds. (a) & (d)). The jury also found him guilty of discharging a firearm at an inhabited motor vehicle (§ 246; count four) and criminal threats (§ 422; count seven).

As to the victim's friend, the jury found defendant guilty of assault with a firearm (§ 245, subd. (a)(2); count three) and found he had personally used a firearm (§ 12022.5, subds. (a) & (d)). It also found him guilty of discharging a firearm at an inhabited motor vehicle. (§ 246; count five.)

Finally, the jury found defendant guilty of possessing a firearm as a felon. (§ 29800, subd. (a)(1); count six.) The trial court also found defendant had suffered a prior prison term.

The trial court imposed an aggregate determinate term of 44 years four months along with an indeterminate term of 14 years to life. The term consisted of 14 years to life on count one, along with a 20-year firearm enhancement; eight years on count three (the upper term doubled for the strike), along with a 10-year upper-term firearm

---

[1] Undesignated statutory references are to the Penal Code.

enhancement (§ 12022.5); one year four months (one-third the middle) on count seven; and a five-year enhancement for the prior serious felony (§ 667, subd. (a)).

Punishment on the remaining counts was either stayed pursuant to section 654 or run concurrently. The court awarded 483 days of credit (420 actual, 63 conduct). It also imposed, as recommended by probation, a $10,000 restitution fine (§ 1202.4, subd. (b)), a stayed $10,000 revocation fine (§ 1202.45), a $280 operations assessment (§ 1465.8), and a $210 conviction assessment (Gov. Code, § 70373). It did not, however, impose a booking and classification fee, as well as pre-sentence report costs recommended by probation. Defense counsel asked the court to strike any nonmandatory fines and fees but otherwise raised no objection to the fines and fees imposed.

## DISCUSSION

### I

### Senate Bill Nos. 620 and 1393

Counsel initially filed an opening brief setting forth the facts of the case and asked that we review the record for any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Several months later, counsel sought leave to file a supplemental brief. In it, he contends remand is appropriate in light of Senate Bill No. 620 (2017-2018 Reg. Sess.), which gives trial courts discretion to strike, in the interest of justice, firearm enhancements imposed under sections 12022.5 and 12022.53. (Stats. 2017, ch. 682, § 1-2.) Sometime after that counsel was given leave to file a second supplemental brief in light of Senate Bill No. 1393 (2017-2018 Reg. Sess.), which likewise empowers a trial court to strike a section 667, subdivision (a) prior serious felony enhancement. (Stats. 2018, ch. 1013.)

The People concede both Senate Bill Nos. 620 and 1393 apply retroactively, but maintain remand is not appropriate because there is no reasonable probability the trial court would exercise its discretion to strike the firearm or prior serious felony enhancements in defendant's case. We conclude remand is appropriate.

4

We agree that both bills apply retroactively.  If an amended statute "lessening punishment becomes effective prior to the date the judgment of conviction becomes final then . . . it, and not the old statute in effect when the prohibited act was committed, applies."  (*In re Estrada* (1965) 63 Cal.2d 740, 744.)  Here, both amendments took effect before defendant's conviction becomes final and therefore both apply retroactively.  (See *People v. Vieira* (2005) 35 Cal.4th 264, 306.)

We disagree with the People that remand is not appropriate.  "Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing."  (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.)  Here, at sentencing, the trial court lacked discretion as to the firearm and prior serious felony enhancements.  It now has discretion.  And because the record does not foreclose the possibility of the trial court exercising discretion to strike those enhancements (to be sure, the trial court noted defendant's substantial record and his "crime of extreme violence"), we will remand to permit the trial court to consider exercising its newfound discretion.

## II

## Imposition of Fines and Fees

Defendant filed a third supplemental brief in light of *People v. Dueñas* (2019) 30 Cal.App.5th 1157, which held that due process requires the trial court to stay execution of restitution fines, as well as court operation and conviction assessments, until it has held a hearing and determined the defendant has the present ability to pay.  Defendant contends the operations and conviction assessments, as well as the restitution fine, violated his right to due process and equal protection because he had no ability to pay them.  He argues that one who is in prison lacks meaningful earning capacity, and he asserts no evidence suggests he has the ability to pay.  He also argues his counsel's failure to object should not preclude a review on the merits.  We disagree.

5

While *Dueñas* may not have been foreseeable at the time of sentencing, defendant had ample cause to raise his ability to pay with the trial court. As recommended by probation, the trial court imposed the maximum restitution fine. Under section 1202.4, in effect at the time of sentencing, a trial court could consider a defendant's ability to pay when imposing more than the minimum fine. (§ 1202.4 subd. (c) ["Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine"].) But, at sentencing, defendant remained silent as to his ability to pay. And as other courts have noted, because an ability to pay objection would not have been futile, the failure to object waives the challenge with respect to the restitution fine, as well as to the operations and conviction assessments. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154 ["Given his failure to object to a $10,000 restitution fine based on inability to pay, Frandsen has not shown a basis to vacate assessments totaling $120 for inability to pay"]; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027 ["As a practical matter, if Gutierrez chose not to object to a $ 10,000 restitution fine based on an inability to pay, he surely would not complain on similar grounds regarding an additional $1,300 in fees"].) Therefore, the contention is forfeited for failure to object.

## III

### Defendant's Supplemental Brief

Defendant, himself, has exercised his right to file a supplemental brief. He points to counts two, three, four, and five and argues he was double charged based on a single act. We find no error.

A defendant may be charged with multiple "different offenses connected together in their commission," as well as "different statements of the same offense" and "different offenses of the same class of crimes." (§ 954.) And a defendant may be convicted of any number of those charged offenses. (*Ibid.*) But a defendant may not be punished under different provisions for a single act or course of conduct. (§ 654; *People v. Cleveland* (2001) 87 Cal.App.4th 263, 267.) However, an exception exists for acts of violence

6

intended to harm more than one person or accomplished by means likely to cause harm to more than one person. (*People v. Reyes-Tornero* (2016) 4 Cal.App.5th 368, 377.)

Here, defendant was charged and convicted of multiple counts of assault with a firearm and discharging a firearm at a vehicle for his attack on the two victims. Under section 954, the jury could properly return guilty verdicts on those counts. But importantly, multiple punishment did not occur here. Defendant was punished under count three, with counts two, four, and five stayed under section 654.

## DISPOSITION

The matter is remanded to the trial court to consider exercising its discretion under Senate Bill No. 620 and Senate Bill No. 1393. After exercising its discretion as to whether to strike any or all of the section 12022.53 enhancements found true by the jury as to count one, the trial court should impose any remaining enhancement, prepare an amended abstract of judgment reflecting the change, and send a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

　　　　　　　　　　　　　　 /s/　　　　　　　　
　　　　　　　　　　　　　　RAYE, P. J.


We concur:


　　　 /s/　　　　　　　
DUARTE, J.


　　　 /s/　　　　　　　
RENNER, J.

7